UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED SPORTS MEDIA & ENTERTAINMENT PPV, LLC,<br>  Plaintiff,<br><br>           v.<br><br>LIVECAST 365, LLC, et al.,<br>  Defendants. | CV 22-980 DSF (JCx)<br><br>Order DENYING Motion for Rule 11 Sanctions (Dkt. 110) |

Defendants One Palm Group, LLC, Grover Henry Colin Nix, IV, and Crown Stone Partners, Inc. (Moving Defendants) move for Rule 11 sanctions against Plaintiff Integrated Sports Media & Entertainment PPV, LLC. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 10, 2023, is removed from the Court's calendar.[1]

Federal Rule of Civil Procedure 11 provides for sanctions against attorneys and parties in a specific set of circumstances involving the presentation of "pleading[s], written motion[s], or other paper[s]."

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

---

[1] The request to present character evidence is denied.

> information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Only (1) and (3) are relevant here because Moving Defendants purport to challenge a factual assertion made by Plaintiff that Defendant Grover Henry Colin Nix, IV was on federal supervised release at the time of the events that form the basis of this case.

Sanctions under Rule 11 are appropriate only where it is established either that a paper is filed for an improper purpose or is "frivolous."

> The word "frivolous" does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry. Either the improper purpose or frivolousness ground is sufficient to sustain a sanction[.]

2

Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (simplified). "The standard governing both inquiries is objective." Id.

Moving Defendants' motion is flawed for several reasons. First, they fail to point to a specific representation made in "a pleading, written motion, or other paper" presented by Plaintiff. Much of the motion is dedicated to (1) assertions about a different related case in state court filed by Plaintiff's counsel on behalf of a different plaintiff and (2) unsupported allegations that Plaintiff's counsel misrepresented Nix's supervised release status to the state court plaintiff in order to induce the state court plaintiff to divulge information relevant to this case.[2] Neither of these provides any basis to sanction Plaintiff or Plaintiff's counsel in this Court under Rule 11.

The motion does reference the Third Amended Complaint without specifying which allegations are purportedly sanctionable. See Mem. at 10:7-9. The Court assumes that Moving Defendants are concerned with the allegations at paragraphs 46, 69, and 82:

> In fact, on information and belief, at the time that Nix became involved with the ISM 365 transaction, Nix was under probation and was to not be involved with financial misconduct.

TAC ¶ 46.

> Upon information and belief, Nix had Sharmat sign the Crown Stone Agreement instead of himself to circumvent the terms of his supervised release.

TAC ¶ 69.

---

[2] This accusation seems to be based on the content of certain requests for admission propounded by Plaintiff in this case. See Mem. at 7:2-15. There is no indication why Moving Defendants believe that these discovery requests in any way support their supposition about what Plaintiff's counsel may or may not have told anyone.

> Upon information and belief, Nix had Sharmat sign the One Palm MOU instead of himself to circumvent the terms of his supervised release.

TAC ¶ 82.

Moving Defendants repeatedly assert that that *state court action* was brought for an improper purpose, but representations made in the state court case are not grounds for Rule 11 sanctions in this Court. Regarding this case, the only possible basis for sanctions would be that the allegations regarding Nix's supervised release status were frivolous.

While the timing of the events alleged in the TAC is not always clear, the events involving Nix seem to have begun in early 2021. The Court will take judicial notice that Nix was sentenced to 60 months in custody and three years of supervised release. See United States v. Nix, CR 13-048 SVW (C.D. Cal.), Dkt. 684 (Judgment and Commitment Order). He was released from federal custody on June 23, 2017. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/. Therefore, Nix's supervised release presumptively ended on June 22, 2020, and the allegations of the TAC are likely incorrect.

But while it does appear that the allegations about Nix's supervised release were likely incorrect, they are not so objectively baseless nor has the inquiry been shown to be so objectively inadequate as to be sanctionable. Supervised release revocation proceedings against Nix remained pending until August 16, 2021. See CR 13-048 SVW, Dkt. 1057, 1088. An attorney who does not practice federal criminal law could reasonably believe that Nix remained under the restrictions of his supervised release until that proceeding was resolved. Additionally, in the verified complaint in the state court, the state court plaintiff attested that Nix told him "on or around August 29, 2021" that Nix was "no longer under the terms of his supervised criminal release." Motion Ex. B ¶¶ 46-47. While Moving Defendants raise unsupported accusations about the origins of the state court

4

action, this is a sworn statement of a witness that suggests that Nix, at least, may have thought that he was still bound by his supervised release terms until the revocation proceedings ended in August 2021.

In short, Moving Defendants' motion is largely based on unsupported accusations about Plaintiff's counsel's out-of-court actions and material related to a state court case. The allegations about Nix's supervised release status – the small nugget of possible relevance to Rule 11 sanctions – may be incorrect, but Moving Defendants have fallen far short of showing an improper purpose or that the allegations were objectively frivolous.

The motion for sanctions is DENIED.

IT IS SO ORDERED.

Date: June 29, 2023

Dale S. Fischer
United States District Judge